UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CR-10-BO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SEAN BRYE, RASHAD J. JACOBS, and ) | |
| RASUL GATFORD, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on defendant Rashad J. Jacobs's motion for notice of intent to use 404(b) evidence [DE 80], motion to sequester witnesses [DE 82]; motion for all Jencks material [DE 83]; motion for disclosure of favorable material [DE 84]; and motion for disclosure of rule 807 evidence [DE 85]. For the following reasons, defendant's motion for notice of intent to use 404(b) evidence, motion for all Jencks material, motion for disclosure of favorable material, and motion for disclosure of rule 807 evidence are DENIED. Defendant's motion to sequester witnesses is GRANTED. The Court allowed Mr. Jacobs's co-defendants to adopt the pre-trial motions addressed by this Order; all defendants' requests are disposed of herein.

DISCUSSION

A. Defendant's Motion for Notice of Intent to Use Rule 404(b) Evidence [DE 80]

The Court DENIES defendant's motion for notice of intent to use Rule 404(b) evidence. The government is already obligated to notify the defendant should it intend to use evidence of the defendant's prior bad acts under Rule 404(b). *See* Fed. R. Evid. 404(b) ("Evidence of other crimes, wrongs, or acts . . . [may be admissible] provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court

excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.") Defendant's request for Rule 404(b) evidence is duly noted, but defendant's motion gives no indication that the government has failed to meet its obligations under the rule. Thus, a court order is unnecessary at this time and the motion is DENIED.

B.  Defendant's Motion for Early Disclosure of Jencks Materials [DE 83]

The court DENIES defendant's motion for early disclosure of Jencks materials. The government is obligated to disclose witness statements in its possession *after* a witness has completed his testimony on direct examination. 18 U.S.C. § 3500. As such, this request is premature. As defendant notes in his motion, "counsel acknowledges that this request is in contradiction of current Fourth Circuit law regarding early disclosure of 'Jencks' material, see *U.s. v. Lewis*, 35 F.3d 148 (4th Cir. 1994) . . ." This Court is bound by the current Fourth Circuit precedent on this issue and, as such the motion is DENIED.

C.  Defendant's Motion for Disclosure of Favorable Material [DE 84]

Defendant seeks an order requiring the government to reveal all material that may be favorable to the defendant's defense of this matter. The government is already obligated pursuant to the Fifth and Sixth Amendments to the Constitution of the United States, *Giglio v. United States*, 405 U.S. 150 (1972), its progeny, *Brady v. Maryland*, 373 U.S. 83 (1963), its progeny, and Rule 16 of the Federal Rules of Criminal Procedure to timely disclose the material defendant seeks. The defendant's motion gives no indication that the government has failed to meet these obligations. Thus, a court order is unnecessary at this time and the motion is DENIED.

2

D.  Defendant's Motion for Disclosure of Rule 807 Evidence [DE 85]

The court DENIES defendant's motion for disclosure of Rule 807 evidence. Rule 807(b) provides that hearsay evidence may be admissible under certain circumstances, but only if "before the trial or hearing, the proponent gives an adverse party reasonable notice of the intent to offer the statement and its particulars, including the declarant's name and address, so that the party has a fair opportunity to meet it." The defendant's motion gives no indication that the government has failed to meet this obligation. Thus, a court order is unnecessary at this time and the motion is DENIED.

E.  Defendant's Motion to Sequester Witnesses [DE82]

The Court GRANTS defendant's motion to sequester witnesses. Rule 615 of the Federal Rules of Evidence mandates that the Court shall exclude witnesses so that they cannot hear the testimony of other witnesses. Excepted from this rule are parties themselves, designated representatives of corporations, a person whose presence is shown by a party to be essential to the presentation of the case, or those authorized by statute to be present. *See* Fed. R. Evid. 615(b). A government investigative agent may be exempted under the rule. *United States v. Parodi*, 703 F.2d 768, 773 (4th Cir. 1983). Under exception 615(b) only one designate representative is permitted. *United States v. Farnham*, 791 F.2d 331, 334-35 (4th Cir. 1986). Accordingly, defendant's motion to sequester is granted and witnesses are admonished that they shall not discuss the case with anyone except counsel for either side. *See United States v. Rhynes*, 218 F.3d 301, 317 (4th Cir. 2000).

## III. CONCLUSION

As set forth above, defendant's motion for notice of intent to use 404(b) evidence [DE 80], motion for all Jencks material [DE 83], motion for disclosure of favorable material [DE 84], and motion for disclosure of rule 807 evidence [DE 85] are DENIED. Defendant's motion to sequester witnesses [DE 82] is GRANTED.

SO ORDERED, this **23** day of June, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4