IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:13-CR-10-BO-3
7:15-CV-254-BO

| | |
|---|---|
| RASHAD JACOBS,<br>　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>　　　　　Respondent. | **ORDER** |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and the government's motion to dismiss. Petitioner has also filed a motion seeking ten months of jail credit to which the government has responded. For the reasons discussed below, petitioner's § 2255 motion is dismissed and his motion for jail credit is denied without prejudice.

## BACKGROUND

Petitioner was sentenced to 120 months' imprisonment after pleading guilty pursuant to a plea agreement to count five of the indictment which charged using, carrying, and brandishing a firearm during and in relation to a drug trafficking crime and aiding and abetting. 18 U.S.C. §§ 924(c); 2. Petitioner noticed a direct appeal, and by opinion entered September 3, 2014, the court of appeals affirmed this Court's judgment. Petitioner then timely filed his motion pursuant to 28 U.S.C. § 2255. Petitioner contends that his trial and appellate counsel were ineffective in violation of the Sixth Amendment. In a separate motion, petitioner also seeks ten months of state custody credit to be counted toward his federal sentence.

**DISCUSSION**

I. MOTION TO VACATE & MOTION TO DISMISS

The government has moved to dismiss petitioner's § 2255 motion for failure to state a claim upon which relief could be granted. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Rule 12, Rules Governing Section 2255 Proceedings (Rules of Civil Procedure apply to section 2255 proceedings). Additionally, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013)(quoting *United States v. Thomas*, 221 F.3d 430, 437 (3rd Cir. 2000)).

In order to demonstrate that the assistance of counsel was ineffective in violation of the Sixth Amendment, a petitioner must show (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness" and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In accordance with *Strickland*, the prejudice prong is evaluated first if the lack of sufficient prejudice alone can dispose of the ineffective assistance claim. *Id.* at 697. The Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Strickland*, 466 U.S. at 689-90).

Petitioner has failed to show the requisite prejudice as to his ineffective assistance of counsel claims.[1] Petitioner first contends that but for the errors of trial counsel he would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In order to demonstrate prejudice in this context, petitioner must demonstrate more than a subjective intent on going to trial; he must also demonstrate that going to trial would have been objectively reasonable in light of the facts. *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012) (citing *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)). As noted by the government, a decision to proceed to trial in this instance would not have been objectively reasonable. First, both of petitioner's co-defendants had already entered guilty pleas, raising the distinct possibility that they would testify against petitioner at a trial. Second, the government's evidence against petitioner was strong. [DE 174 at 6-7]; [DE 140 ¶¶ 10-13]. In arguing that the government's case against him was weak, petitioner asserts that he did not have a gun and that he did not discharge a gun. [DE 190-2]. However, petitioner was charged with and pleaded guilty to *brandishing* a weapon and aiding and abetting; "actual possession of the gun is not a rational defense against an aiding and abetting § 924(c) charge." *United States v. Santiago*, 14-6449, 2015 WL 9288220, at *5 (4th Cir. Dec. 22, 2015) (internal quotation and citation omitted). Finally, as part of the plea agreement, the government agreed to dismiss count four of the indictment which charged petitioner with attempted possession with intent to distribute twenty-eight grams or more of cocaine base and aiding and abetting. Conviction on this charge would have resulted in an additional sixty to seventy-one months term of imprisonment based on the applicable Sentencing Guidelines range, to be served consecutive to any sentence received on count five. [DE 140 ¶

---

[1] Petitioner's ineffective assistance claims as to his Rule 11, sentencing, and appellate counsel "ultimately turn on [his] contention that he would have gone to trial if he had been aware of the seven year mandatory minimum." *United States v. Santiago*, 14-6449, 2015 WL 9288220, at *5 n.4 (4th Cir. Dec. 22, 2015).

3

48]. For these reasons, the Court finds it would not have been objectively reasonable for petitioner to proceed to trial, and he cannot therefore demonstrate the requisite prejudice to succeed on his ineffective assistance of counsel claim.

Moreover, the Court does not find that trial or appellate counsel's failure to object to the Court's misstatement of the minimum and maximum punishment petitioner faced on count five [DE 174 at 5] was objectively unreasonable or resulted in prejudice. Petitioner's plea agreement accurately reflected the minimum and maximum punishment for count five [DE 132 at 3], and petitioner, under oath, informed the Court that he had voluntarily signed the plea agreement and talked with his lawyer about it that day. [DE 174 at 3-6]. Thus, the Court's error was harmless and petitioner cannot demonstrate that counsel was ineffective for failing to object either at the Rule 11 proceeding or at sentencing, nor was appellate counsel deficient for failing to raise the issue on direct appeal. *See Santiago*, 14-6449, 2015 WL 9288220, at *4 (4th Cir. Dec. 22, 2015) (in light of plea agreement, that counsel failed to object to misstatement of mandatory minimum sentence at Rule 11 and sentencing hearing does not amount to prejudice); *see also United States v. Mason*, 774 F.3d 824, 829 (4th Cir. 2014) (only when issues not raised on appeal are "clearly stronger" than those raised can a petitioner demonstrate ineffective assistance of appellate counsel).

For these reasons, petitioner has failed to state an ineffective assistance of counsel claim upon which relief could be granted and his § 2255 motion is appropriately dismissed.

II. MOTION FOR JAIL CREDIT

Petitioner has also filed a motion, in letter form, requesting that the Court credit ten months against his federal sentence for time he served with the State of North Carolina. "Requests for sentence credit, or for recalculation of time yet to serve... must be presented to the Attorney General (or her delegate, the Bureau of Prisons), and adverse decisions may be

4

reviewed by an action under 28 U.S.C. § 2241 . . .." *Romandine v. United States.*, 206 F.3d 731, 736 (7th Cir. 2000); *see also United States v. Wilson,* 503 U.S. 329, 333 (1992); *United States v. Miller*, 49 F. Supp. 2d 489, 492 (E.D. Va. 1999). A § 2241 must be filed in the district that has *in personam* jurisdiction over the petitioner. *See Romandine*, 206 F.3d at 736; *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Petitioner has not alleged that he has exhausted his administrative remedies with the Bureau of Prisons, nor has he filed a § 2241 petition which might properly be before this Court as petitioner was being housed at FCI Williamsburg in South Carolina when he filed the motion. [DE 200-2]. Accordingly, petitioner's motion for jail credit is denied without prejudice.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE 195] is GRANTED and petitioner's motion to vacate [DE 190] is DISMISSED. Petitioner's motion for jail credit [DE 200] is DENIED WITHOUT PREJUDICE. A certificate of appealability is DENIED.

SO ORDERED, this ⁴/ day of March, 2016.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE